UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
DEXTER GRICE,

                                        MEMORANDUM & ORDER
                        Plaintiff,      12-CV-4619(JS)(SIL)

            -against-

20/20 COMMUNICATIONS, INC.,

                        Defendant.
---------------------------------------X
APPEARANCES
For Plaintiff:      Lowell B. Davis, Esq.
                    Law Office of Lowell Davis
                    One Old Country Road
                    Carle Place, NY 11514

For Defendant:      Sharon P. Margello, Esq.
                    Jennifer A. Rygiel-Boyd, Esq.
                    Ogletree Deakins Nash Smoak & Stewart PC
                    10 Madison Avenue, Suite 402
                    Morristown, NJ 07960

                    Caitlin Senff Ladd, Esq.
                    Ogletree Deakins Nash Smoak & Stewart PC
                    1745 Broadway, 22nd Floor
                    New York, NY 10019

SEYBERT, District Judge:

        Currently pending before the Court is defendant 20/20
Communications, Inc.'s ("Defendant") motion for sanctions
(Docket Entry 36) and Magistrate Judge William D. Wall's Report
and Recommendation ("R&R") (Docket Entry 38) addressing said
motion.  Shortly after Judge Wall issued his R&R, this case was
reassigned to Magistrate Judge Steven I. Locke.  For the
following reasons, Judge Wall's R&R is ADOPTED in its entirety.

The Court presumes familiarity with the background of this case, which is detailed in Judge Wall's R&R. Briefly, Defendant's motion for sanctions and Judge Wall's R&R address plaintiff Dexter Grice's ("Plaintiff") failure to comply with discovery obligations and various orders.

Specifically, in November 2013, Defendant moved to compel responses and to produce documents following Plaintiff's first deposition. (R&R at 1; First Mot. to Compel, Docket Entry 14.) On December 11, 2013, Judge Wall held a conference, during which he granted Defendant's motion and ordered Plaintiff to appear for an additional deposition and to produce particular documents seven days prior to the deposition. (R&R at 2; Dec. 11, 2013 Minute Entry, Docket Entry 20.)

Plaintiff did not comply and Defendant filed a motion for sanctions on February 10, 2014. (R&R at 2; First Mot. for Sanctions, Docket Entry 21.) Judge Wall granted Defendant's motion and ordered Plaintiff to provide all outstanding documents by February 24, 2014. (R&R at 2.; Feb. 20, 2014 Order, Docket Entry 23.) Judge Wall also extended discovery for the limited purpose of Plaintiff's continued deposition. (Feb. 20, 2014 Order.)

Plaintiff still did not comply, however, and on February 25, 2014, Defendant filed a second motion for

sanctions. (R&R at 2; Second Mot. for Sanctions, Docket Entries 24-25.) During a hearing on March 18, 2014, Judge Wall granted Defendant's second motion for sanctions, and ordered, inter alia, that Plaintiff submit responses by April 18, 2014 and sit for a continued deposition no later than May 9, 2014. (R&R at 3; Mar. 18, 2014 Order, Docket Entry 29.)

On May 20, 2014, Defendant filed its third motion for sanctions, arguing that although Plaintiff sat for his deposition, he still had not produced the required documents. (R&R at 3; Third Mot. for Sanctions, Docket Entry 32.) Judge Wall issued an Order to Show Cause and directed Plaintiff and his counsel to appear for a hearing. (R&R at 3-4; OTSC, Docket Entry 34.) On June 9, 2014, Judge Wall held a hearing and granted Defendant's third motion for sanctions. (R&R at 3; June 9, 2014 Minute Entry, Docket Entry 35.) He ordered, inter alia, that Defendant serve another discovery demand on Plaintiff by June 13, 2014 and that Plaintiff comply by June 20, 2014. (R&R at 3; June 9, 2013 Minute Entry.)

On July 16, 2014, Defendant filed the currently-pending motion for contempt. (Mot. for Contempt, Docket Entry 36.) Defendant argues that, although Plaintiff produced some documents, his response was deficient in three ways. First, Plaintiff failed to serve a written response to Defendant's Second Request for Production of Documents, as required by

Federal Rule of Civil Procedure 34(b)(2). (Mot. for Contempt at 2.) <u>Second</u>, Plaintiff failed to produce documents in response to Request Numbers 1-4, 6, and 9-14, even though Plaintiff indicated that certain documents might exist and testified to matters such as his attempts to find employment after his termination from Defendant and affidavits from Festus Imafidon and Christopher (last name unknown). (Mot. for Contempt at 2-3.) <u>Third</u>, the documents that Plaintiff produced in apparent response to Request Numbers 5, 7, and 8 were not the final, executed versions. (Mot. for Contempt at 3.) Accordingly, Defendant seeks dismissal of Plaintiff's Complaint or, alternatively,

> an Order barring Plaintiff from producing evidence concerning his alleged attempts to find employment after his termination from 20/20 and his alleged mitigation of damages either in opposition to a dispositive motion or at trial, and from producing testimony from Festus Imafidon and Christopher (last name unknown) (live and/or by way of affidavit) either in opposition to a dispositive motion or at trial.

(Mot. for Contempt at 3.)

Judge Wall issued his R&R on July 29, 2014, recommending that the alternative relief sought by Defendant be granted and that Defendant be awarded the costs of the motion. (R&R at 1.)

4

<u>DISCUSSION</u>

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Wall's R&R. The Court finds his R&R to be correct, comprehensive, well-reasoned and free of any clear error.

<u>CONCLUSION</u>

Judge Wall's R&R is ADOPTED in its entirety. Defendant's motion for contempt is GRANTED and Plaintiff is precluded from producing evidence concerning his alleged attempts to find employment after his termination from Defendant and his alleged mitigation of damages, either in opposition to a dispositive motion or at trial, and from producing testimony from Festus Imafidon and Christopher (last name unknown), live or by affidavit, either in opposition to a dispositive motion or at trial. In addition, Defendant is GRANTED costs associated with the motion for contempt, and such costs are HEREBY REFERRED

to Judge Locke pursuant to Rule 72(a) of the Federal Rules of Civil Procedure for DECISION.

SO ORDERED.


/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    September __23__, 2014
          Central Islip, NY